UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Rosa Ventimiglia,**

      **Plaintiff,**

                                   Case No. 14-14312
**v.**                                         Hon. Denise Page Hood

**Michigan Schools and
Government Credit Union,** *et al*.

      **Defendants.**
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (Docket No. 5) and GRANTING PLAINTIFF'S MOTION TO AMEND (Docket No. 12)**

Before the Court is the Defendants' Motions to Dismiss Pursuant to FRCP 12(b)(6) Or In The Alternative Motion To Strike Plaintiff's "Verified Pleadings" **[Docket No. 5, filed November 20, 2014]**. Plaintiff filed a Response in Opposition to Defendants' Motion to Dismiss or the Alternative Motion to Strike **[Docket No. 8, filed December 18, 2014]**. Defendants filed a Reply to the Response **[Docket No. 9, filed January 6, 2015]**.

Also before the Court is Plaintiff's Motion to Amend/Correct Initial Pleadings **[Docket No. 12, filed January 12, 2015]**. Defendants filed Response to Plaintiff's Motion to Amend Complaint to Add Sections of the Fair Debt Collection Practice Act (FDPCA) to the Complaint and Eliminate Michigan School's Liability

1

Under the FDCPA Claim **[Docket No. 13, filed January 23, 2015]**. Plaintiff filed a Reply to the Response **[Docket No. 15, filed January 27, 2015]**.

## I. BACKGROUND

Plaintiff filed a Complaint against Defendants for a violation of the Fair Debt Collection Practice Act and Fraud. Plaintiff initially secured a mortgage with Defendant Michigan Schools and government Credit Union (hereinafter "Credit Union") for $115,000.000, and secured the loan with the property located at 53142 Celtic Drive in Shelby Township, Michigan. Six years later, Plaintiff filed for Chapter 7 Bankruptcy and their debts were discharged, but liens securing monetary obligations were not discharged.

Plaintiff continued making payments for two years after the bankruptcy. After informing Defendant Credit Union that she was permitted to stay in the home without making payments, Plaintiff ceased making mortgage payments. Defendant Credit Union referred the loan to Defendant Holzman Corkery, PLLC (hereinafter "Holzman") in August 2014 to commence foreclosure proceedings. On August 8, 2014, Counsel sent Plaintiff a Notice of Breach and Intent to Accelerate Mortgage Balance. Plaintiff refused to sign for the certified mailing, but mailed Defendant Holzman a "Notice of Mortgage Fraud" referencing the Notice. Almost a month later, Plaintiff sent a Validation Debt Request and claimed she had no monetary

obligation to Defendant Credit Union as a result of the bankruptcy.  In both instances, Defendant Holzman advised Plaintiff to seek legal assistance.

On November 13, 2014, Counsel sent Plaintiff correspondence advising her that the Mortgage was being foreclosed, and that the Sheriff's Sale would be conducted on December 12, 2014 at 10:00 a.m.

**II. STANDARD**

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]  Factual allegations must be enough to raise a right to relief above the speculative level..." *Id.* at 555 (internal citations omitted).  Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  Such allegations are not to be discounted because they are "unrealistic or

nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.*

Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

Rule 12(b)(1) of the Rules of Civil Procedure allows an action to be dismissed for lack of subject matter jurisdiction. In a Rule 12(b)(1) motion, the plaintiff has the burden of proving that the Court has subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1135 (6th Cir. 1996). A Rule 12(b)(1) motion to dismiss is either based on a facial attack or a factual attack of the complaint. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). In a facial attack, the Court considers the sufficiency of

the complaint and must accept all factual allegations made therein as true unless clearly erroneous. *Id.* at 326. In contrast, a factual attack does not require the Court to take all factual allegations as true. *Id.* at 325. Rather, the Court must resolve any factual disputes and determine whether it in fact has subject matter jurisdiction. *Id.*

Rule 9(b) of the Federal Rules of Civil Procedure requires that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The state of a person's mind, however, may be alleged generally. Fed. R. Civ. P. 9(b). "The purpose undergirding the particularity requirement of Rule 9(b) is to provide a defendant fair notice of the substance of a plaintiff's claim in order that the defendant may prepare a responsive pleading." *Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 679 (6th Cir. 1988) (citations omitted).

Rule 15(a) provides that a party may amend its pleading once as a matter of course within 21 days after a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) further provides that a party may amend its pleading on leave of court. Leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). A district court may deny leave to amend in cases of undue delay, undue prejudice to the opposing party, repeated failure to cure deficiencies by amendment previously allowed or futility. *Foman v. Davis,* 371 U.S. 178, 184

(1962). Delay alone, regardless of its length is not enough to bar amendment if the other party is not prejudiced. *Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 834 (6th Cir. 1999). Allowing an amendment after the close of discovery and dispositive motion deadline has passed creates significant prejudice because discovery would have to be reopened and the defendant must now prepare a defense for a claim quite different than the claim that was before the court. *Id.* When an amendment is sought at a late state of litigation, there is an increased burden on the moving party to show justification for failing to move earlier. *Bridgeport Music, Inc. v. Dimension Films,* 401 F.3d 647, 662 (6th Cir. 2004). If a complaint cannot withstand a motion to dismiss under Rule 12(b)(6), the motion to amend should be denied as futile. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000).

### III.   ANALYSIS

In their Motion to Dismiss, Defendants argue that both Plaintiff's claims should be dismissed pursuant to FRCP 12(b)(6) because Plaintiff has failed to state a claim upon which relief can be granted. First, Plaintiff has failed to state a claim for violation of the Fair Debt Collection Practices Act against Defendant Credit Union. The correspondences Plaintiff received were from Defendant Holzman. More importantly, the FDCPA specifically excludes from its coverage lenders who are collecting their own debt. *See* 15 U.S.C. § 1692a(6). Since the Defendant

Credit Union is not a debt collector as defined by the FDCPA, Plaintiff's claim under the FDCPA fails against Defendant Credit Union.

Second, Plaintiff has failed to state a claim for violation of the Fair Debt Collection Practices Act as against Defendant Holzman. Defendant Holzman's correspondence was in compliance with Defendant Credit Union's obligations under the Mortgage and applicable law, and not for the purpose of collecting a debt. The Court disagrees, however, because Defendant Holzman notified Plaintiff that the mortgage was being foreclosed, which is a type of debt collection. *See Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 464 (6th Cir. 2013) (noting that "mortgage foreclosure is debt collection under the [FDCPA]").

Defendants argue that even if the correspondences with Plaintiff were an attempt to collect a debt, Plaintiff has still failed to demonstrate a violation of the FDCPA. Counsel forwarded Plaintiff verification of the debt in the form of a copy of the recorded Mortgage on September 15, 2014. Counsel took no further collection action against Plaintiff from its original August 8, 2014 letter until its November 13, 2014 letter advising her of the Sheriff's Sale. Counsel was not seeking to collect a debt, but was providing Plaintiff with notices required by the Mortgage and applicable law. The Court disagrees, because foreclosure of a property is a type of debt collection. *See id*.

Third, Plaintiff's claim for fraud fails, because FRCP 9(b) requires that in alleging fraud "a party must state with particularity the circumstances constituting fraud or mistake." Plaintiff alleges Defendants "misrepresented facts and purposely failed to disclose material facts in the alleged servicing/ownership of the Plaintiff mortgage loan" and provides correspondence she prepared as evidence of fraud. Plaintiff provides no evidence to support her allegations of fraud, and therefore, Plaintiff has failed to meet the specificity requirement of Rule 9(b).

Plaintiff also sought to amend or correct the complaint by adding violations of the FDCPA and the Regulation of Collection Practices Act (hereinafter "RCPA"). Plaintiff argue that Defendant is violated 15 U.S.C. § 1692(e) by collecting the debt while communicating to the debtor that they are not collecting the debt and failing to indicate that Defendant is a debt collector. Defendant will not be prejudiced by allowing Plaintiff to amend her complaint.

**IT IS ORDERED** that the Motion to Dismiss **[Docket No. 5, filed November 20, 2014]** the FDCPA claim and fraud claims against Defendant Credit Union is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss **[Docket No. 5, filed November 20, 2014]** with regard to the FDCPA claim against Holzman is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Amend **[Docket No. 12, filed January 12, 2015]** is **GRANTED** and Plaintiff shall have 21 days to amend her complaint.

                                          S/Denise Page Hood
                                          Denise Page Hood
                                          United States District Judge

Dated: September 30, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2015, by electronic and/or ordinary mail.

                                          S/LaShawn R. Saulsberry
                                          Case Manager